IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE RUCKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 22-464 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT OBERLANDER, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA and DISTRICT ATTORNEY FOR ALLEGHENY COUNTY, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") entered by Magistrate Judge Lisa Pupo Lenihan on April 11, 2022. (Docket No. 7). Petitioner Lance Rucker, an inmate incarcerated at the State Correctional Institution at Forest, initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Docket No. 1). As explained in the R&R, this is Petitioner's third habeas petition challenging his judgment of sentence from April 23, 2001. (*See* Docket No. 7 at 3, 4). Petitioner's request for a certificate of appealability in his first habeas case was denied by the Third Circuit Court of Appeals and his petition for a writ of certiorari was denied by the United States Supreme Court. (*Id.* at 3). To date, Petitioner has not been granted permission to file a second or successive habeas petition challenging the same judgment of sentence. (*Id.* at 5). Consequently, the R&R recommends that the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction and that a certificate of appealability be denied. (*Id.* at 6).

1

Service of the R&R was made on Petitioner by mail, and he was informed that any objections to same were due by April 28, 2022. On April 21, 2022, the Court received Plaintiff's Objections to the R&R, in which he maintains that his Petition "should be granted as timely." (Docket No. 8 at 3).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon careful *de novo* review of the R&R, Plaintiff's Objections and the entire record, the Court concludes that the Objections do not undermine the R&R's recommended disposition.

As explained in the R&R, the Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). As further explained, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *See e.g., Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). As outlined above, this is Petitioner's third habeas petition challenging his judgment of sentence from April 23, 2001, yet he has not been granted permission from the Third Circuit Court of Appeals to file a second or successive petition challenging the same judgment of sentence. Accordingly, Judge Lenihan correctly recommends that the Petition must be dismissed for lack of jurisdiction, and the Court will adopt the R&R as the Opinion of the Court as more specifically set forth below.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 27th day of May, 2022, IT IS HEREBY ORDERED that the R&R (Docket No. 7) is ADOPTED as the Opinion of the Court. For the reasons set forth in the R&R, IT IS FURTHER ORDERED as follows:

(1) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Docket No. 1) is DISMISSED for lack of jurisdiction; and

(2) The Court will not issue a certificate of appealability because jurists of reason would not find it debatable that the instant habeas Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     All counsel of record

Lance Rucker (via U.S. Mail)
DM-9093
SCI Forest
PO Box 945
Marienville, PA  16239